UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VESELINKA DIMCEVSKA,

                Plaintiff,                Case Number 05-10244
                                                        Honorable David M. Lawson

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, REVERSING THE COMMISSIONER'S FINDINGS, AND REMANDING FOR AN AWARD OF BENEFITS**

The plaintiff filed the present action on September 15, 2005 seeking review of the Commissioner's decision denying the plaintiff's claim for a period of disability and disability insurance benefits under Title II of the Social Security Act. The case was referred to United States Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and award her benefits. The defendant filed a motion for summary judgment requesting affirmance of the Commissioner's decision. Magistrate Judge Binder filed a report and recommendation on July 12, 2006 recommending that the plaintiff's motion for summary judgment be granted, the defendant's motion be denied, the findings of the Commissioner be reversed, and the matter be remanded for an award of benefits. The defendant filed timely objections to the report and recommendation, to which the plaintiff has responded, and this matter is now before the Court.

      The Court has reviewed the file, the report and recommendation, the defendant's objections and the plaintiff's response thereto, and has made a *de novo* review of the administrative record in

light of the parties' submissions. The defendant advances two objections. First, she takes issue with the reliance the magistrate judge placed on the opinion of Dr. Bernardo A. Rojas, a treating internist, that the plaintiff was permanently disabled. The objective evidence reviewed by this doctor, the defendant contends, is unremarkable as the magistrate judge in fact noted. Consequently, the defendant believes, although Dr. Rojas is a treating physician, he is not entitled to the deference the magistrate judge afforded him. Rather, the defendant maintains that the decision of the administrative law judge (ALJ) is supported by substantial evidence consisting of the opinions of medical evaluators who examined the plaintiff following her automobile examination at the request of her no-fault automobile insurance company. Second, the defendant believes that remand for an award of benefits is a drastic remedy and the case more properly should be remanded for a further factual development, if at all.

The plaintiff, Veselinka Dimcevska, presently fifty-four years old, applied for a period of disability and disability insurance benefits on May 21, 2003, when she was fifty years old. She was born in Macedonia and completed high school and two years of college there. The plaintiff worked for fifteen years in a bank, then she emigrated to the United States in 1993 and was employed and for eight years on an assembly line in a factory. She last worked on May 31, 2002, the date she alleges she became disabled as a result of neck pain, right shoulder pain, and hypertension. The disability onset date coincides with an automobile accident that occurred on that date, which appears to have caused or aggravated her neck and back pain. Her treating physician opined that the accident did not exacerbate her shoulder problem. Since that time, the plaintiff has undergone physical therapy, taken a variety of medications, and received injections for her injuries. She has declined surgery that has been offered to her, which is a decision approved by Dr. Rojas, her primary

treating physician, who believes that surgery would provide only temporary relief and pain would recur when scar tissue developed post-surgically.

In her application for disability insurance benefits, the plaintiff alleged that she was unable to work due to neck pain, right shoulder pain, and hypertension. On December 20, 2004, the plaintiff, then fifty-two years old, appeared before ALJ Alfred H. Varga, who filed a decision on April 18, 2005 in which he found that the plaintiff was not disabled. The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. The ALJ concluded that the plaintiff had not engaged in substantial gainful activity since May 31, 2002, the alleged disability onset date (step one); the plaintiff suffered from substantial impairments consisting of cervical tenderness, right shoulder tenderness, and low back pain, which were "severe" within the meaning of the Social Security Act (step two); the plaintiff did not have an impairment or combination of impairments that met or equaled a listing in the regulations (step three); and the plaintiff could not perform her previous work as an assembler or officer worker, which was found to be unskilled and semi-skilled and required light exertion (step four).

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform a limited range of light work that was restricted to jobs allowing alternating between sitting and standing as needed; limited reaching over the chest and shoulder level on the right side; did not include working around unprotected heights and dangerous machinery, driving, or climbing, and involved only simple and routine tasks. Relying on the testimony of a vocational expert, the ALJ found that there were a significant number of jobs in the national economy that fit within these limitations including work as a hand packer, sorter, assembler, and visual inspector. Based on that finding and using the Medical Vocational Guidelines (the "Grid Rules") found at 20

C.F.R. Pt. 404, Subpt. P, App. 2, section 202.14 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on August 10, 2005.

The Commissioner argues that the magistrate judge improperly concluded that substantial evidence did not support the ALJ's decision. The magistrate judge quoted extensively from Dr. Rojas's report dated July 5, 2004, which summarized the plaintiff's course of treatment since the car accident, reviewed the clinical findings, discussed the medical test results, listed the medications taken by the plaintiff, and evaluated the treatment options. Dr. Rojas concluded that the plaintiff could not return to her past work as an assembler. He wrote:

> The patient, at this time, is permanently disabled to return to Madison Electronics Industry or similar-type work, regardless of the type of treatment that the patient would have. The patient will continue to have some disabilities and some chronic pain, even though the patient had surgery or not. The prognosis regarding pain is very poor and she probably will never return to the pre-accident conditions and her limitations are permanent. The patient will require therapy for life.

Tr. at 482. The magistrate judge found that the ALJ's finding that the plaintiff could perform work at the light exertional level was inconsistent with these findings.

The Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983). The reviewing court must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528

(6th Cir. 1997). This Court may not base its decision on a single piece of evidence and disregard other pertinent evidence when evaluating whether substantial evidence in the record exists. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Thus, where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). As the magistrate judge noted, the substantial evidence standard "presupposes that there is a zone of choice within which decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (internal quotes and citations omitted). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

However, a substantiality of evidence evaluation does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Id.* at 388 (internal quotes and citations omitted); *see also Laskowski v. Apfel*, 100 F. Supp. 2d 474, 482 (E.D. Mich. 2000).

In this case, there is evidence in the record that suggests that the plaintiff is not disabled. That evidence consists of the opinion Dr. Asit K. Ray, an examining physical medicine specialist who wrote that the plaintiff "should be able to return to her work without any restrictions." Tr. at 330. It also included the opinion of Dr. David Carr, an examining neurosurgeon, who could "find no reason why [the plaintiff] could not work full time, without restrictions." Tr. at 342. Although the ALJ mentioned the reports of these two physicians in his decision, he apparently did not accept

them because he found that the plaintiff could not return to her past work and had restrictions. Moreover, the ALJ apparently did accept Dr. Rojas's opinion that the plaintiff could not perform her previous work as an assembler, yet the ALJ included the job of assembler among the list of jobs on which he relied to conclude that there were a significant number of jobs in the regional economy the plaintiff could perform. The Court also considers the fact that these examining physicians were hired by an adversary – the insurance company seeking to terminate no-fault benefits – and their contact with the plaintiff was restricted to single visits.

The Court does not believe that the opinions of these examining physician constitutes substantial evidence that could support the ALJ's conclusion, especially in light of the opinion of Dr. Rojas, the treating physician who had an extensive history of contact with the plaintiff. The so-called treating physician rule promulgated by the Secretary states that: "more weight [will be given] to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(d)(2). The Sixth Circuit has consistently applied this rule. A treating physician's opinion should be given greater weight than those opinions of consultative physicians who are hired for the purpose of litigation and who examine the claimant only once. *See Jones v. Sec.'y of Health & Human Servs.*, 945 F.2d 1365, 1370 & n.7 (6th Cir. 1991); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985). If a treating physician's opinion is not contradicted, complete deference must be given to it. *Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1070 (6th Cir. 1992); *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

However, a treating physician's opinion may be rejected if there is good reason to do so. *Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir. 1988). The Sixth Circuit has held that treating physicians' opinions "are only given such deference when supported by objective clinical evidence." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citing *Jones v. Comm'r of Soc. Sec.*, 336 F. 3d 469, 477 (6th Cir. 2003). Where a treating physician renders an opinion using legal language as opposed to medical terminology, the Court may likewise reject it if it is not supported by clinical evidence in the record. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234-35 (6th Cir. 1993).

Dr. Rojas's treatment with the plaintiff predated the automobile accident, and his post-accident treatment was extensive. He documented his findings with medical test results and correlated his clinical observations with the physical findings. Among his findings was the observation that the plaintiff required pain medication and would require therapy for the rest of her life. The Court concludes that this opinion is entitled to deference, and the magistrate judge properly relied on it to the exclusion of the reports of Drs. Ray and Carr. The plaintiff's complaints of pain were related to a physical condition that reasonably could produce pain at the level of her complaints. *See Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986); 20 C.F.R. § 404.1529(b) (1995).

The plaintiff testified that for pain relief she was taking Oxycotin, which made her drowsy. She said she needed to rest during the work day. The plaintiff argues that this circumstance undercuts the hypothetical question posed to the vocational expert premised on an ability to perform light work, which includes "frequent lifting or carrying of objects weighing up to 10 pounds" and "a good deal of walking or standing." 20 C.F.R. § 404.1567(b). The substantial evidence in the

record appears to establish that the plaintiff could perform sedentary work at most. The ALJ's decision otherwise was not supported by substantial evidence.

Once the determination has been made that the Commissioner's decision is not supported by substantial evidence, the Court must decide whether further fact-finding is required. "[I]f all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits," this Court may remand for an award of benefits. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985) ("In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking.").

In this case, the plaintiff was over fifty years old at the time of the last administrative hearing and thus "closely approaching advanced age," *see* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.00(g). She has a high school education, and according to the ALJ her prior work skills are not transferrable. Tr. at 20. Medical-Vocational Guideline (Grid Rule) 201.14, therefore, was the correct rule to apply, and the Grid at that section directs a finding of "disabled." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.14. The Medical-Vocational Guidelines allow the Secretary to take "administrative notice" of the availability of jobs in the national economy that can be performed by individuals who have the personal characteristics that Congress deems relevant: the claimant's age, education, job experience, and functional capacity to work. *See* 42 U.S.C. § 423(d)(2)(B); *Abbott v. Sullivan*, 905 F.2d 918, 926 (6th Cir. 1990). They come into play at step five of the sequential evaluation process at which the Commissioner carries the burden to establish that the plaintiff possesses the residual functional capacity to perform substantial gainful activity. *Varley v. Sec'y of Health & Human*

*Servs.*, 820 F.2d 777, 779 (6th Cir. 1987); *see also Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980). Because the Grid directs a finding of "disabled," there is no need to remand the case for further fact finding.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court agrees with the conclusion that substantial evidence does not support the ALJ's determination that the plaintiff is capable of performing gainful activity.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 15] is **ADOPTED.**

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt # 9] is **GRANTED.**

It is further **ORDERED** that the defendant's motion for summary judgment [dkt # 14] is **DENIED**. The findings of the Commissioner are **REVERSED**, and the matter is **REMANDED** to the Commissioner for an award of benefits.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: October 17, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 17, 2006.

s/Felicia M. Moses
FELICIA M. MOSES