UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VESELINKA DIMCEVSKA,

        Plaintiff,                  Case Number 05-10244
                                                 Honorable David M. Lawson
v.                                        Honorable Charles E. Binder

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**<u>ORDER VACATING ORDER OF REFERENCE AND MAGISTRATE JUDGE'S
ORDER DENYING MOTION FOR ATTORNEY'S FEES, GRANTING MOTION FOR
RECONSIDERATION, AND GRANTING MOTION FOR ATTORNEY'S FEES</u>**

On January 5, 2007, the plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, following the Court's entry of judgment in favor of the plaintiff. On January 11, 2007, the Court referred the motion to Magistrate Judge Charles E. Binder for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). On February 6, 2007, Magistrate Judge Binder denied the motion, finding that the plaintiff had failed to file the motion within the time period set forth in 28 U.S.C. § 2412(d)(1)(B). On February 9, 2007, the plaintiff filed a motion for reconsideration, contending that the underlying motion for attorney's fees was not time-barred because the judgment did not become final until December 16, 2006.

The Court erred in referring the motion for attorney's fees to Magistrate Judge Binder under the authority of 28 U.S.C. § 636(b)(1)(A). That subsection permits a district court to refer nondispositive pretrial matters to a magistrate judge for hearing and determination. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). With respect to dispositive motions, on the other hand, a district court may refer such motions to a magistrate judge for preparation of a report and recommendation, but not actual determination. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Although a post-judgment motion for attorney's fees is not, strictly speaking, a pretrial motion, Federal Rule of Civil Procedure 54(d)(2)(D) provides that a district court "may refer a motion for attorneys' fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." Therefore, although the Court had the authority to refer the plaintiff's motion for attorney's fees to Magistrate Judge Binder for preparation of a report and recommendation, it lacked the power to refer the matter for determination itself. The Court will therefore vacate its order of reference and Magistrate Judge Binder's order.

Moreover, the Court will forego issuing a new order of reference (for report and recommendation), because the plaintiff clearly is entitled to the award sought. Section 2412(d)(1)(A) of Title 28 provides that

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review, brought by or against the United States in any court having jurisdiction of that action, unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). A party seeking an award of attorney's fees under the EAJA must submit an application "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). The thirty-day deadline for filing the fee application is jurisdictional and cannot be waived. *Clay v. United States*, 199 F.3d 876, 879 (6th Cir. 1999). However, the Sixth Circuit has explained that a judgment does not become "final" for purposes of the EAJA until expiration of the time to appeal. *Feldpausch v. Heckler*, 763 F.2d 229, 232 (6th Cir. 1985). Federal Rule of Appellate Procedure 4(a)(1)(B) provides that when the United States or one of its officers or agencies is a party, any party may file a notice of appeal within sixty days from entry of the predicate judgment or order.

In the present case, judgment was entered in favor of the plaintiff on October 17, 2006. The judgment therefore did not become final until December 16, 2006. Under 28 U.S.C. § 2412(d)(1)(B), the plaintiff had until January 15, 2007 to file her motion for attorney's fees. The plaintiff filed her motion on January 5, 2007, requesting attorney's fees in the amount of $3,800. In her motion papers, the plaintiff included a detailed log of her attorney's work and stated that counsel for the defendant "has indicated that the Commissioner has no objections to an Equal Access to Justice attorney fee award of $3,800.00." Mot. for Att. Fees [dkt # 23] at 2. In addition, the plaintiff signed a statement at the end of the request indicating that she "specifically assign[s] any approved funds to [her] attorney[,] KENNETH F. LARITZ." *Id.* at 8. The defendant subsequently filed a statement confirming its concurrence in the award sought and expressing that it has no objection to the assignment of the award to the plaintiff's attorney. Resp. to Mot. for Att. Fees [dkt # 27]. Under these circumstances, the Court finds that the motion is timely and the relief sought warranted.

Accordingly, it is **ORDERED** that the order of reference [dkt # 24] is **VACATED**.

It is further **ORDERED** that Magistrate Judge Binder's order denying motion for attorney's fees [dkt # 25] is **VACATED**.

It is further **ORDERED** that the plaintiff's motion for reconsideration [dkt # 26] is **GRANTED**.

It is further **ORDERED** that the plaintiff's motion for attorney's fees [dkt # 23] is **GRANTED** and attorney Kenneth F. Laritz shall recover attorney's fees and expenses in the amount of $3,800.00.

                                                s/David M. Lawson  
                                                DAVID M. LAWSON  
                                                United States District Judge

Dated: March 5, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 5, 2007.

         s/Felicia M. Moses
         FELICIA M. MOSES